# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JOSHUA L. HAYNES  
#7201                                                                                              PLAINTIFF

V.                                   No. 4:23-CV-429-JM-JTR

MEADOWS, Lt., White County  
Detention Center; STEBBINS,  
Inmate Account Treasurer, White  
County Detention Center; WHITE  
COUNTY DETENTION CENTER;  
EDWARDS, Captain, White County  
Detention Center; and DEVORE,  
Deputy, PCRDF                                                                             DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     Discussion

On May 8, 2023, Plaintiff Joshua L. Haynes ("Haynes"), an inmate in the White County Detention Center ("WCDC"), filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*. Specifically, Haynes alleged that: (1) he was denied medical attention immediately following an altercation on April 16, 2023; and (2) was denied medication on several occasions, with the latest occurrence being April 27, 2023. *Id. at 4–5*. His Complaint was accompanied by a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). *Doc. 1*.

Because Haynes is a "three-striker,"[1] he can proceed *in forma pauperis* only if he was in imminent danger of serious physical injury at the time he filed his Complaint. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). In an Order dated May 16, 2023, I denied Haynes's Motion to Proceed *In Forma Pauperis*. *Doc. 3*. In explaining my reason for doing so, I made it clear that Haynes's allegations did not satisfy the imminent-danger exception to the three-strikes rule.[2] *Id. at 3.* The Order gave Haynes until June 14, 2023 to pay the $402

---

[1] *Haynes v. White County Detention Center*, No. 4:15-CV-196-KGB (E.D. Ark. Nov. 24, 2015); *Haynes v. Grimes*, No. 4:16-CV-853-BSM (E.D. Ark. Feb. 17, 2017), *summarily aff'd*, No. 17-1500 (8th Cir. Mar. 7, 2017); *Haynes v. Edwards*, No. 4:16-CV-890-BRW (E.D. Ark. Feb. 8, 2017), *summarily aff'd*, No. 17-1577 (8th Cir. July 25, 2017).

[2] *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (ruling that prisoner must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" to satisfy the exception).

filing and administrative fees, in full, and cautioned him that, if he did not pay the filing fee within that time, I would recommend that his Complaint be dismissed, without prejudice. *Id. at 4*. Haynes has not paid the filing fee, and the time for doing so has now expired.

Instead, on June 20, 2023 Haynes filed a "Claim for Damage, Injury, or Death." *Doc. 5*. In that document, Haynes reiterates the claims in the Complaint, including the allegation that the last denial of medication was April 27, 2023. *Id. at 3*. Again, these allegations of *past* constitutional violations do not show that Haynes was in imminent danger of serious physical injury when he filed his Complaint on May 8, 2023—or even when he signed and dated the Complaint on May 3, 2023. *See Doc. 2 at 7*.

Haynes only allegation of an *ongoing* constitutional violation is that he is being "falsely imprisoned" in the administrative segregation as a result of the April 16, 2023 altercation. *Doc. 5 at 3*. He claims that in administrative segregation he is being denied access to "paper, pens, envelopes…and hygiene." *Id. at 3–4*. These allegations fall far short of showing that Haynes is in *imminent* danger of *serious* physical injury.

## II.   Conclusion

The Court previously determined that, as a three-striker, Haynes had failed to show he was entitled to proceed *in forma pauperis* and was required to pay the full

3

$402 fee by June 14, 2023. Haynes has raised no new allegations that would allow him to proceed *in forma pauperis* and he has failed to pay the fee as directed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Joshua L. Haynes's Complaint be DISMISSED, without prejudice.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal would not be taken in good faith.

DATED this 10th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE